# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DARRYL DAVIS,             )
                      )
        Plaintiff,        )
                      )
       v.              )     C.A. No. N17C-01-245 ALR
                      )
OUTDOOR DESIGN GROUP, LLC, )
EMORY HILL REAL ESTATE    )
SERVICES, INC., and         )
CITIGROUP, INC.,          )
                      )
        Defendants.    )

Submitted: May 8, 2018
Decided: May 16, 2018

***Upon Defendants' Joint Motion for Summary Judgment***
**GRANTED**

## ORDER

Upon consideration of the Motion for Summary Judgment filed by Defendants

Outdoor Design Group, LLC, Emory Hill Real Estate Services, Inc., and Citigroup,

Inc. (collectively, "Defendants"); the opposition thereto filed by Plaintiff Darryl

Davis ("Plaintiff"); the facts, arguments, and authorities set forth by the parties; the

Superior Court Civil Rules; statutory and decisional law; and the entire record in this

case, the Court hereby finds as follows:

1.     This is a personal injury case involving a slip and fall.  The following

facts are undisputed:

Plaintiff was employed by G4S Regulated Security Solutions, LLC ("Employer") as a security officer. Employer contracted with Citigroup, Inc. to provide security services at Citigroup's 500 White Clay Center, Newark Delaware location ("Citigroup Location"). Emory Hill Real Estate Services acted as an agent to Citigroup's landlord at the Citigroup location, and contracted with Outdoor Design Group, LLC to provide snow and ice removal services at the Citigroup Location.

In the early morning hours of January 12, 2015, Plaintiff was acting in the course of his employment providing security services at the Citigroup Location. Freezing rain began to fall by at least 1:00 a.m. and continued to fall until sometime between 8:45 a.m. and 10:00 a.m., at which time rain continued to fall. At approximately 3:30 a.m., Plaintiff slipped and fell twice on ice while checking out a delivery vehicle. There was ongoing freezing rain at the time of Plaintiff's falls.

2. On January 12, 2017, Plaintiff filed a complaint alleging that negligence on the part of all Defendants caused Defendant's falls, and that he was injured as a result.

3. Defendants move for summary judgment. Defendants argue that because Plaintiff's falls occurred during ongoing freezing rain, the continuing storm doctrine applied and temporarily suspended Defendants' duty of care to keep the premises safe from hazards associated with ice and snow. As a result, Defendants argue that Plaintiff cannot make out a negligence claim as a matter of law. Plaintiff

opposes Defendants' motion, arguing that the Court should apply the unusual circumstances exception to the continuing storm doctrine.

4. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

5. To succeed in a negligence claim under Delaware law, a plaintiff must prove that the defendant owed the plaintiff a duty and that the "breach of that duty proximately caused plaintiff's injury."[4] In this case, it is undisputed that Plaintiff was a business invitee. Delaware law generally provides that a landowner owes a duty to business invitees to "mak[e] safe any dangerous condition on the land which the landowner either knows about or should discover upon reasonable inspection of the property."[5] To that end, landowners and landlords typically have "an affirmative

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).
[3] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[4] *Id.* (citing *Dilks v. Morris*, 2005 WL 445530, at *2 (Del. Super. Feb. 25, 2005)).
[5] *Agroe v. Commerce Square Apts. Ltd. P'ship*, 745 A.2d 251, 254 (Del. Super. 1999).

duty to keep the premises safe from hazards associated with natural accumulations of ice and snow."[6]

6.      However, Delaware courts have adopted the continuing storm doctrine as a caveat to a landowner's general duty to remove ice and snow.[7] Under the continuing storm doctrine, "A business establishment, landlord, carrier, or other inviter, in the absence of unusual circumstances, is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps."[8] The general principle underlying the continuing storm doctrine is that "changing conditions due to the pending storm render it inexpedient and impracticable to take earlier effective action, and that ordinary care does not require it."[9]

7.      It is undisputed that there was ongoing freezing rain at the time of Plaintiff's falls. As a result, Defendants contend that the continuing storm doctrine applied and temporarily suspended Defendants' duty to conduct ice removal and remediation efforts. Plaintiff does not challenge the applicability of the continuing storm doctrine, but argues that the Court should apply the unusual circumstances

---

[6] *Cash v. East Coast Property Management, Inc.*, 2010 WL 4272925, at *2 (Del. 2010) (citing *Young v. Saroukos*, 185 A.2d 274, 282 (Del. 1962)).
[7] *See Young*, 185 A.2d at 282.
[8] *Id.* (emphasis removed).
[9] *Id.* (emphasis removed).

exception. The applicability of the unusual circumstances exception is a question of law, not fact, and is for the Court to decide.[10]

8.    Plaintiff generally asserts that the unusual circumstances exception should apply because the precipitation was light, the storm was predicted in advance, the lighting was inadequate, and because the policy underlying the continuing storm doctrine would not be served by its application in this case. Plaintiff's arguments are without merit.

9.    First, Plaintiff argues that the ongoing freezing rain at the time of Plaintiff's falls was a "nearly imperceptible drizzle" that does not warrant application of the continuing storm doctrine. However, the severity of the storm does not control the applicability of the continuing storm doctrine.[11] In addition, the Delaware Supreme Court has made clear that the continuing storm doctrine applies not only to falling snow, but also to ice caused by freezing rain.[12] Indeed, the Delaware Supreme Court recognized freezing rain as "one of the trickiest situations to deal with," and explained that "[e]ven more than deep snow, a thin coat of ice can

---

[10] *Cash*, 2010 WL 4272925, at *3.
[11] *See Laine v. Speedway*, 177 A.3d 1227, 1233 (Del. 2018) (concluding that the continuing storm doctrine should not be limited to severe storms like that in *Young*); *Cash*, 2010 WL 4272925, at *3 (rejecting the plaintiff's position that the Court needed to conduct a fact-intensive inquiry into the severity of the storm before the continuing storm doctrine could apply).
[12] *See Laine*, 177 A.3d at 1232-34.

5

be slippery and hard to eradicate even with salting or chemicals."[13]  Therefore, the Court rejects Plaintiff's argument that the nature of the storm in this case warrants application of the unusual circumstances exception to the continuing storm doctrine.

10.     Second, Plaintiff argues that the unusual circumstances exception should apply because the storm was predicted enough in advance that Defendants could have applied salt to prevent the accumulation of ice.  Plaintiff emphasizes that Defendants knew Plaintiff would be at the Citigroup Location per his employment. However, "A landowner's duty to make its premises reasonably safe for business invitees does not require the landowner to take pre-storm, precautionary measures to attempt to prevent ice from accumulating during a storm that has not yet arrived."[14]  According to the Delaware Supreme Court, "The principle that it is reasonable for a landowner to wait until a storm ends and a reasonable time thereafter before removing accumulations of ice and snow applies to the approaching storm as well as the storm in progress."[15]  Therefore, the fact that the storm was predicted in advance in this case does not warrant application of the unusual circumstances exception to the continuing storm doctrine.

---

[13] *Id.* at 1232.

[14] *Buchanan v. TD Bank, et. al.*, 2018 WL 2058189, at *3 (Del. May 2, 2018).

[15] *Id.*; *see also Day v. Wilcox Landscaping, Inc., et. al.*, 2018 WL 2058188, at *3 (Del. May 2, 2018) (rejecting the argument that a landowner's duty of care requires pre-storm, precautionary activities to prevent snow and ice from forming).

11.    Third, Plaintiff argues that the unusual circumstances exception should apply because the nature of the Citigroup Location contributed to Plaintiff's falls. Specifically, Plaintiff argues that better lighting and a roof over the delivery bay door at the Citigroup Location would have prevented Plaintiff's falls. In support, Plaintiff submits an affidavit stating that the lighting at the Citigroup Location was "dim." However, the fact that the lighting was dim at the time of Plaintiff's falls does not establish that it was inadequate, especially given the fact that Plaintiff's falls took place at approximately 3:30 a.m. Moreover, even assuming that additional lighting or a roof over the delivery bay door would have prevented Plaintiff's fails, Plaintiff has not established that Defendants had a legal duty to take such action. Therefore, Plaintiff's arguments regarding the nature of the Citigroup Location do not warrant application of the unusual circumstances exception to the continuing storm doctrine.

12.    Lastly, Plaintiff asserts that the policy underlying the continuing storm doctrine, namely that "changing conditions due to the pending storm render it inexpedient and impracticable to take earlier effective action,"[16] would not be served by the application of the doctrine in this case. Specifically, Plaintiff argues that the mild nature of the storm would have allowed Defendants to begin ice remediation efforts a few hours before Plaintiff's falls. However, Plaintiff's argument suggests that Defendants should have travelled to the Citigroup Location sometime between

---

[16] *Young*, 185 A.2d at 282 (emphasis removed).

7

1:00 a.m. and 3:30 a.m. to conduct ice remediation efforts during ongoing freezing rain. These are exactly the type of conditions contemplated by the continuing storm doctrine. Therefore, the unusual circumstances exception to the continuing storm doctrine should not be applied.

13. The continuing storm doctrine applies in this case, such that Defendants' duty of care to keep the Citigroup Location free from the dangers associated with ice and snow was temporarily suspended. While unfortunate, Plaintiff's injuries stem from "the reality … that there is no foolproof way to avoid the risk of slipping on ice."[17] As the Delaware Supreme Court recognizes, "Some injuries are not the legal fault of anyone, they just are the result of the reality that nothing in life is entirely safe, and surely not walking on ice or snow."[18] As a result, Defendants' motion for summary judgment is granted.

**NOW, THEREFORE, this 16th day of May, 2018, Defendants' Motion for Summary Judgment is hereby GRANTED and JUDGMENT is entered in favor of Defendants Outdoor Design Group, LLC, Emory Hill Real Estate Services, Inc., and Citigroup, Inc.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[17] *Laine*, 177 A.3d at 1233.
[18] *Id.*

8